ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| C.R.R.F.,<br><br>Recurrente,<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO,<br><br>Recurrida. | TA2026RA00096 | REVISIÓN procedente del Foro Administrativo de Educación Especial.<br><br>QEE: 2526-12-12-01322.<br><br>Sobre: educación especial; terapias; evaluaciones; reembolso; PEI; ubicación. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 20 de abril de 2026.

El recurso de revisión que atendemos trata de la desestimación sumaria de una querella instada por la señora Yadira Franco, en representación de su hijo menor de edad, identificado por sus siglas C.R.R.F. (señora Franco o parte recurrente), por razón de que esta, de manera presuntamente injustificada, no se sometió al proceso de conciliación. En atención a ello, nos corresponde evaluar si, al no celebrarse la reunión de conciliación, el foro administrativo quedaba privado de jurisdicción para atender los méritos de la querella.

Evaluadas las sendas posiciones de las partes, así como la determinación cuya revisión se nos solicita, a la luz del derecho aplicable, **revocamos** la *Resolución* emitida por el Departamento de Educación el 5 de febrero de 2026.

I

El 9 de diciembre de 2025[1], la parte recurrente instó una querella ante el Departamento de Educación de Puerto Rico por incumplimiento del

---

[1] La parte recurrente no adjuntó copia de su querella. Advinimos en conocimiento de su presentación a través del tracto expuesto por el Departamento de Educación en la resolución recurrida. *Véase*, apéndice del recurso, entrada 2 del *Sistema Unificado de Manejo y Administración de Casos* del Tribunal de Apelaciones (SUMAC TA).

debido proceso de ley al amparo de *la Ley de educación para personas con discapacidades* (IDEA, por sus siglas en inglés), 20 USCA sec. 1400-4182. Alegó que se había violado el derecho a una educación pública, gratuita y apropiada (FAPE, por sus siglas en inglés) del menor C.R.R.F., quien estaba matriculado en el Programa de Educación Especial.

Luego de que el 19 de diciembre de 2025 la representante legal del Departamento de Educación presentara la contestación a la referida querella[2], la agencia ordenó la celebración de una vista administrativa para el 20 de enero de 2026[3].

No obstante, previo a la celebración de la vista señalada, el 3 de enero de 2026, el Departamento de Educación presentó una moción de desestimación[4]. En ella, alegó que no se había cumplido con el proceso reglamentario al no celebrarse una reunión de conciliación, por razones atribuibles a la parte recurrente, en contravención al Reglamento Federal correspondiente a la IDEA. Arguyó que, conforme el referido reglamento, la reunión de conciliación era de carácter obligatorio y que la agencia había llevado a cabo esfuerzos razonables para su celebración sin éxito. Sostuvo que la presunta incomparecencia de la recurrente a la reunión conllevaba la desestimación de la querella y, por consiguiente, su cierre y archivo[5].

La parte recurrente presentó su oposición a la solicitud de desestimación el 13 de enero de 2026[6]. En lo pertinente, arguyó que la reunión de conciliación, según codificada en la IDEA, se trataba de un proceso voluntario y facilitador, cuyo carácter no debía ser interpretado como fatal o que tuviera el efecto de privar de jurisdicción al organismo cuasi judicial.

---

[2] *Véase*, apéndice del recurso, entrada 2 SUMAC TA.

[3] *Íd.*

[4] Entrada 7 SUMAC TA.

[5] A su solicitud de desestimación, adjuntó copia de: la *Notificación de falta de participación de la parte querellante a la conciliación y recomendación de desestimación*; copia del recordatorio de la resolución de conciliación con fecha del **17 de diciembre de 2025**; y copia de un correo electrónico sobre la extensión de términos con fecha del **19 de diciembre de 2025**. *Íd.*

[6] Entrada 8 SUMAC TA.

El 20 de enero de 2026, la agencia celebró la vista administrativa, que fue convertida a una argumentativa sobre los escritos presentados. Tras evaluar los argumentos de las partes, el 5 de febrero de 2026, la agencia emitió la determinación objeto de este recurso[7].

En su resolución, el Departamento de Educación concluyó que, al no haberse celebrado la reunión de conciliación, carecía de jurisdicción para atender la controversia planteada por la parte recurrente. Determinó que la conciliadora[8] había realizado los esfuerzos razonables para que se efectuara la reunión objeto de controversia. En particular, al **ofrecer dos fechas** para que se pudiera llevar a cabo la reunión, fuere de forma virtual o presencial. Resaltó que la señora Franco no accedió a las propuestas del Departamento y no compareció a las reuniones citadas, lo que interpretó como un desapego del proceso e incumplimiento con los requisitos estatutarios y reglamentarios para el proceso de querellas.

Inclusive, resaltó que la falta de acceso al expediente del estudiante, que había solicitado reiteradamente la señora Franco, no resultaba un obstáculo o justa causa para la ausencia. En cuanto a ello, concluyó que "si la parte querellante presentó una querella con alegaciones precisas, debe haber tenido en su posesión los documentos que justificaron dichas alegaciones"[9].

Inconforme con la determinación de la agencia, la señora Franco compareció ante nos y formuló los siguientes señalamientos de error:

> Erró la Oficial Examinadora Wilmarie Santoni Cruz (OVI) al concluir que la falta de celebración de la reunión de conciliación priva de jurisdicción al foro administrativo para adjudicar la querella. Al adoptar esta interpretación, la Oficial Examinadora convirtió el proceso de conciliación — concebido por la ley como un mecanismo procesal preliminar— en una condición jurisdiccional absoluta que impide la adjudicación sustantiva de la controversia. Esta

---

[7] Entrada 2 SUMAC TA.

[8] La **conciliadora** es una funcionaria imparcial del Departamento de Educación, que tiene contacto directo con las funcionarias encargadas de otorgar los servicios que solicitan las familias de los estudiantes registrados en el Programa de Educación Especial, la cual puede resolver una querella en o antes de quince (15) días. *Véase*, chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://de.pr.gov/wpcontent/uploads/2023/01/EDU09-OPUS-EE-EDU09-OPUS-EE-La-conciliacion-opusculo-ED.pdf (ultima entrada, 31 de marzo de 2026).

[9] Entrada 2 SUMAC TA.

interpretación no encuentra apoyo en la normativa federal que regula el proceso de resolución de disputas bajo la Individuals with Disabilities Education Act y tuvo el efecto de privar al estudiante del acceso al procedimiento de debido proceso creado precisamente para atender alegaciones de privación de servicios educativos.

Erró la Oficial Examinadora Wilmarie Santoni Cruz (OVI) al concluir que la parte querellante incumplió injustificadamente con el proceso de conciliación, ignorando las comunicaciones documentadas en el expediente administrativo que evidencian la participación activa de la parte querellante a través de su representación legal. Al fundamentar su resolución en una apreciación incorrecta de los hechos y al omitir considerar dichas comunicaciones —incluyendo aquellas cuya existencia fue reconocida por la propia agencia durante la vista argumentativa— la Oficial Examinadora se apartó del expediente administrativo. De esta manera, incurrió en error al imponer la conciliación como un presupuesto jurisdiccional que justificaría la desestimación de la querella.

Erró la Oficial Examinadora Wilmarie Santoni Cruz al desestimar la querella sin analizar ni adjudicar los fundamentos jurídicos presentados por la parte querellante en su oposición a la moción de desestimación. Aunque la resolución reconoce la existencia de dicha oposición, la Oficial Examinadora omitió discutir los argumentos jurídicos allí planteados o explicar por qué resultarían incorrectos. Esta omisión priva a la resolución del razonamiento adjudicativo requerido en derecho administrativo y vulnera el derecho de la madre del estudiante a que sus planteamientos legales sean considerados dentro del proceso de debido proceso bajo la Individuals with Disabilities Education Act.

(Énfasis omitido).

Por su parte, el 17 de abril de 2026, el Departamento de Educación, por conducto de la Oficina del Procurador General de Puerto Rico, presentó su oposición a la solicitud de revisión judicial de determinación final administrativa.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

A

La norma reiterada es a los efectos de que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Además, al momento de revisar una decisión administrativa, el criterio

rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

Así pues, como norma general, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, **la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron**. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

De otra parte, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Vázquez, et al. v. DACo*, opinión de 21 de mayo de 2025, 2025 TSPR 56, a la pág. 28, 215 DPR ___; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo de Puerto Rico, la deferencia concedida a las agencias administrativas únicamente cederá

cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

### B

La Ley Federal de Educación Especial, conocida como *Individuals with Disabilities Education Act*, 20 USCA sec. 1400-4182, fue promulgada por el Congreso de los Estados Unidos (Congreso) con el propósito de asegurar, entre otras cosas, que todas las personas menores de edad con necesidades especiales reciban **educación pública, apropiada y gratuita** (FAPE, por sus siglas en inglés). Lo anterior, en atención a las necesidades particulares de cada estudiante. Además, con el fin de proteger los derechos de estos y de sus respectivas familias o tutores.

A tales fines, el estatuto federal dispone que los estados y territorios que reciben fondos federales **tienen** que promover programas de educación especial pública, gratuita y apropiada, diseñados para atender las necesidades especiales y específicas de cada menor. 20 USCA sec. 1415(a). Ello, con el objetivo de prepararlos para oportunidades de empleo, educación avanzada y, sobre todo, para que lleven sus vidas de manera independiente, entre otros aspectos. 20 USCA sec. 1400(d)(1)(A).

Al interpretar el referido estatuto, el Tribunal Supremo de los EE.UU. ha expresado que, para que los estados cumplan su deber de proveer educación pública, apropiada y gratuita, la IDEA requiere un programa educativo razonablemente calculado y dirigido al progreso del menor, a la

luz de sus circunstancias particulares. Véase, *Endrew F. ex rel. Joseph F. v. Douglas County School Dist. RE-1*, 580 US 386 (2017).

El *Código de Regulaciones Federales* (CFR, por sus siglas en inglés) establece en su sección 300.507, que los padres o una agencia pública pueden instar una querella por violación al debido proceso. 34 CFR sec. 300.507[10]. Con su presentación, se activan los términos administrativos correspondientes al procedimiento de resolución de querellas. 34 CFR 300.510. Asimismo, establece en su sección 300.510(a) lo siguiente:

> (1) Within 15 days of receiving notice of the parent's due process complaint, and prior to the initiation of a due process hearing under §300.511, the LEA[11] must convene a meeting with the parent and the relevant member or members of the IEP[12] Team who have specific knowledge of the facts identified in the due process complaint that—
>
>> (i) Includes a representative of the public agency who has decision-making authority on behalf of that agency; and
>> (ii) May not include an attorney of the LEA unless the parent is accompanied by an attorney.
>
> **(2) The purpose of the meeting is for the parent of the child to discuss the due process complaint, and the facts that form the basis of the due process complaint, so that the LEA has the opportunity to resolve the dispute that is the basis for the due process complaint.**
>
> **(3) The meeting described in paragraph (a)(1) and (2) of this section need not be held if—**
>
>> **(i) The parent and the LEA agree in writing to waive the meeting; or**
>> **(ii) The parent and the LEA agree to use the mediation process described in §300.506.**
>
> (4) The parent and the LEA determine the relevant members of the IEP Team to attend the meeting.

(Énfasis nuestro).

---

[10] En particular, describe que procede la presentación de una querella por violación al debido proceso cuando se trata de la identificación, evaluación o ubicación de un menor con alguna discapacidad o el acceso a la FAPE.

[11] LEA significa *Local Education Agency*; se refiere al representante del distrito escolar.

[12] IEP o *Individualized Education Program*; se refiere al Programa de Educación Individualizado o PEI, por sus siglas en español.

Es decir, que, conforme a la reglamentación federal, se consideran solo dos circunstancias en que la referida reunión de conciliación **no** tiene que ser celebrada: cuando el padre o madre y el representante del distrito escolar renuncian a la reunión por escrito, o cuando ambas partes acuerdan someterse al proceso de mediación.

Asimismo, el *Reglamento del procedimiento para la resolución de querellas administrativas de educación especial y sobre la otorgación* [*sic*] *de honorarios de abogado*, Reglamento Núm. 9168, aprobado el 26 de febrero de 2020, dispone en su Artículo 7 que **"[l]a reunión de conciliación es mandatori[a], a menos que ambas partes renuncien por escrito a la celebración de esta reunión, o que el querellante desee participar voluntariamente en una mediación".** (Énfasis nuestro).

Ahora bien, en lo pertinente a la controversia que atendemos, el CFR dispone un término para atender los reclamos o querellas sobre presunto incumplimiento con el debido proceso de ley y dispone los pasos a seguir en caso de incumplimiento de las partes. En específico, establece en su sección 300.510(b) que:

.   .   .   .   .   .   .   .   .

> **(1) If the LEA has not resolved the due process complaint to the satisfaction of the parent within 30 days of the receipt of the due process complaint, the due process hearing may occur.**
>
> (2) Except as provided in paragraph (c) of this section, the timeline for issuing a final decision under § 300.515 begins at the expiration of this 30-day period.
>
> **(3)** Except where the parties have jointly agreed to waive the resolution process or to use mediation, notwithstanding paragraphs (b)(1) and (2) of this section, **the failure of the parent filing a due process complaint to participate in the resolution meeting will delay the timelines for the resolution process and due process hearing until the meeting is held.**
>
> (4) **If the LEA is unable to obtain the participation of the parent in the resolution meeting <u>after reasonable efforts have been made</u> (<u>and documented using the procedures in §300.322(d)</u>), the LEA may, at the conclusion of the 30-day period, request that a hearing officer dismiss the parent's due process complaint.**

(Énfasis y subrayado nuestros).

Como expusimos, el CFR establece que, en ocasión de no lograr la participación de los padres en la reunión de conciliación, el representante del distrito escolar podrá, al concluir el periodo de 30 días para la resolución, solicitar la desestimación de la querella. No obstante, apercibe que, previo a solicitar la desestimación, deberá demostrar y documentar que llevó a cabo **esfuerzos razonables** para la participación de los padres en la reunión. Esos esfuerzos razonables tienen que ser evidenciados de conformidad a la sección 300.322(d), que establece lo siguiente:

.        .        .        .        .        .        .        .        .

> (d) ***Conducting an IEP Team meeting without a parent in attendance.*** A meeting may be conducted without a parent in attendance **if the public agency is unable to convince the parents that they should attend**. In this case, the public agency must keep a record of its attempts to arrange a mutually agreed on time and place, such as—
>
> (**1) Detailed records of telephone calls made or attempted and the results of those calls;**
>
> **(2) Copies of correspondence sent to the parents and any responses received; and**
>
> **(3) Detailed records of visits made to the parent's home or place of employment and the results of those visits.**

(Énfasis nuestro).

### III

En síntesis, la señora Franco señala que el Departamento de Educación erró al desestimar su querella y fundamentar su determinación en que la celebración de la reunión de conciliación constituía un requisito jurisdiccional para atender su querella, y al imputarle a ella las causas para que dicha reunión no se celebrase.

En lo pertinente, la parte recurrente arguye que la resolución recurrida descansa, erróneamente, sobre la premisa jurídica de que la falta de celebración de la reunión de conciliación, dentro del término dispuesto por la ley, priva al foro administrativo de jurisdicción para adjudicar la querella. Plantea que esta conclusión constituye un error de derecho, en la medida en que convierte un mecanismo procesal preliminar en una condición jurisdiccional absoluta. Resalta que dicha conclusión no se

desprende ni del texto del estatuto, ni de la reglamentación federal aplicable.

Por su parte, el Departamento de Educación arguye que no procede revocar la determinación recurrida al no existir controversia respecto al hecho medular que motivó al foro administrativo a desestimar la querella; a saber, la presunta incomparecencia de la parte recurrente al proceso de conciliación. A su vez, insiste en que el Departamento desplegó los esfuerzos razonables requeridos por IDEA al ofrecer dos oportunidades para la celebración de la reunión de conciliación. Por tanto, sostuvo que la falta de celebración de la reunión, de carácter obligatorio, no le era imputable y privaba al foro administrativo de jurisdicción para atender la querella.

Ahora bien, en esta ocasión, surge de las comunicaciones sostenidas ente las partes entre el 17 y 18 de diciembre de 2025, que la señora Franco solicitó una reunión presencial **para poder tener acceso al expediente del estudiante C.R.R.F. y poder llevar a cabo una reunión de conciliación efectiva**[13]. No obstante, **surgió un conflicto de calendario dado a que la facilitadora docente de educación especial se encontraba de vacaciones**. De igual manera, surge que la parte recurrida ofreció a la señora Franco una alternativa adicional, que presuntamente se ajustaba a las necesidades del estudiante C.R.R.F., sin embargo, al no recibir una respuesta, el 3 de enero 2026, presentó su solicitud de desestimación.

Ciertamente, lo anterior denota que las partes no acordaron obviar la reunión de conciliación, ni proceder con el proceso de mediación. Por lo que no surge del récord que se cumpliera con este paso requerido por la reglamentación aplicable a nivel federal y local.

De igual forma, resulta evidente que el Departamento de Educación **no** cumplió con las exigencias de la IDEA al no proveer acceso al expediente del estudiante, según solicitado por la madre, ni evidenciar los

---

[13] Entrada 5 SUMAC TA.

esfuerzos razonables para lograr la celebración de la reunión de conciliación.

Como establecimos, la reglamentación federal pertinente a la IDEA provee solo dos circunstancias en que la referida reunión de conciliación no tiene que ser celebrada. La primera, por mutuo acuerdo escrito de las partes, y la segunda, si estas acuerdan participar de un proceso de mediación. Es decir que, de conformidad con la reglamentación aplicable, la reunión de conciliación podría dejar de celebrarse solo en las circunstancias descritas. Por tanto, no podemos concluir que se trata de un requisito cuyo incumplimiento conlleve la falta de jurisdicción para atender una querella sobre el debido procedimiento.

 Además, el estatuto es claro en cuanto al proceso disponible al Departamento de Educación cuando no ha logrado que los padres del estudiante comparezcan a la reunión de conciliación. Como expusimos, el Departamento de Educación puede, al final del periodo establecido para la resolución del reclamo, solicitar la desestimación de la querella. No obstante, **tiene que demostrar que llevó a cabo esfuerzos razonables para lograr la comparecencia de los padres del estudiante**.

Al definir qué constituye "esfuerzos razonables", el CFR expone de manera clara que no se trata de meros correos electrónicos, sino que exige récords detallados de las llamadas telefónicas realizadas, con el resultado de cada llamada; copia de la correspondencia enviada a la familia; e incluso, el récord de las visitas al hogar.

En fin, **no** podemos concluir que las dos fechas propuestas por el Departamento de Educación para la reunión de conciliación, sin antes proveer acceso al expediente del estudiante, sea compatible con las exigencias de la IDEA ni con la reglamentación aplicable. Mucho menos podemos afirmar que la parte recurrente cuenta con todos los elementos necesarios para hacer valer su reclamo sin el expediente del estudiante.

Por tanto, determinamos que el foro recurrido erró al desestimar la querella presentada por la madre de C.R.R.F. el 9 de diciembre de 2025.

IV

Por los fundamentos expuestos, revocamos la *Resolución* emitida por el Departamento de Educación el 5 de febrero de 2026. En consecuencia, ordenamos que se le dé acceso al expediente del menor a la parte recurrente, y se continúe con el proceso administrativo de manera compatible con lo aquí dispuesto[14].

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] El 19 de abril de 2026, la parte recurrente, sin previa autorización de este foro apelativo, presentó una moción informativa a modo de réplica, la cual se tiene por no puesta.